**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **CRIMINAL ACTION** |
| | ) | **NO. 12-4032-TSH** |
| CONRAD GALLANT, | ) | |
| Defendant. | ) | |
| | ) | |

**DECISION ON PROBABLE CAUSE AND**
**THE GOVERNMENT'S MOTION FOR DETENTION**
**April 11, 2012**

**HILLMAN, M.J.**

**Nature of the Offense; the Government's Motion**

On March 5, 2012, a Complaint issued charging Conrad Gallant with traveling in foreign commerce and engaging in illicit sexual conduct with another person, in violation of 18 U.S.C. § 2423(c). At Gallant's initial appearance in this District on March 30, 2012, the Government moved for a detention hearing pursuant to 18 U.S.C. §§3142(f)(1)(A)(defendant is charged with a crime of violence), (f)(2)(A)(defendant is a risk of flight) and (f)(2)(b)(defendant is a threat to obstruct justice).

A probable cause/detention hearing was held on April 2, 2012. Christopher W. Diorio, a Special Agent with the United States Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations unit testified on behalf of the Government.

The Complaint Affidavit was admitted as *Ex. 1* and the affidavit of Lorraine Gallant was admitted as *Ex. 2*.

## Probable Cause

Based on the testimony of Special Agent Diorio and the facts set forth in the Complaint Affidavit, I find that there is probable cause for the offense charged against Gallant in the Complaint[1].

## Detention

In order to detain a person pending trial under 18 U.S.C. §3142 (The Bail Reform Act), the judicial officer must find by (1) clear and convincing evidence that the defendant is a danger to the community, or (2) a preponderance of the evidence that the defendant poses a risk of flight. *See* 18 U.S.C. § 3142 (f); *United States v. Jackson*, 823 F.2d 4-5 (2d Cir. 1987); *United States v. Berrios-Berrios*, 791 F.2d 246, 250 (2d Cir. (1986), cert. denied, 479 U.S. 978, 107 S.Ct. 562 (1986). *See also United States v. Patriarca*, 948 F.2d 789, 792-93 (1st Cir. 1991). The judicial officer may then detain a person pending trial only if the judicial officer determines that "no condition or combination of conditions [set forth under 18 U.S.C. § 3142 (b) or (c)] will reasonably assure the appearance of the person as required and the safety of any other person and the community". 18 U.S.C. § 3142(e).

In making the determination as to whether "any condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and of the community", the judicial officer is compelled to consider the following factors:

---

[1] Ar the conclusion of the hearing, Gallant stipulated that there is probable cause for the offense charged.

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including:
>
>> a. the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> b. whether, at the time of the current offense or arrest, he was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and
>
> (4) the nature and seriousness of the danger to any other person or the community that would be posed by the person's release . . . .

18 U.S.C. §3142(g). The judicial officer "may not impose financial condition that results in the pretrial detention of the person." 18 U.S.C. § 3142(c).

The rebuttable presumption created by 18 U.S.C. § 3142(e) applies in this case because Gallant is charged with an offense under 18 U.S.C. §2423 involving a minor victim. Furthermore, I have found that probable cause exists for the offense charged against him. Therefore, I find that under 18 U.S.C. §3142(e), there is a rebuttable presumption that no condition or combination of conditions will reasonably assure Gallant's appearance or the safety of the community if he is released. If Gallant fails to produce or proffer any credible evidence on his own behalf to rebut this presumption, the presumption alone may justify detention. *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985); *United States v. Vires*, 637 F. Supp. 1343, 1351 (W.D.Ky. 1986).

*Gallant's History and Characteristics*

Gallant is sixty-one years old.  He was born in Massachusetts and Massachusetts has been his primary residence for almost his entire life.  Gallant was married in 1971 and he and his wife, Lorraine, divorced in 1991 or 1992; the couple have a daughter who is twenty-two years old.  He was recently living with his ex-wife in Shrewsbury, Massachusetts; he rents a room from her.  Also residing at the residence is Lorraine's seventeen year old daughter from another relationship.  Gallant's parents are deceased; his has four living siblings, one resides in Massachusetts, one in Oklahoma, one in Connecticut and one in Florida.

A few months ago, Gallant bought a one way ticket to the Dominican Republic and it appears that he has signed a one year lease for an apartment in Punta Cana.  At the time of his arrest in Florida, officials confiscated his passport.

Gallant is disabled and since September 2011, has been receiving Social Security Disability Benefits. Prior to that, he worked at an auto salvage company.

Gallant has no prior criminal record.

<u>Nature of the Offense; Weight of the Evidence; Whether Detention Is Warranted</u>

1. <u>Nature of the Offense</u>

Gallant is facing a serious charge which, if he is convicted, calls for a maximum sentence of thirty years in prison.

2. <u>Weight of the Evidence</u>

After being advised of his *Miranda* rights, Gallant admitted to having had sex with the minor victim and he also stated that he knew her age.  Special Agent Diorio testified that law

enforcement officials have viewed at least two identifications belonging to the minor victim. Under the circumstances, I find that the evidence against Gallant is strong.

3. Whether Detention Is Warranted: Whether Defendant Poses A Danger To The Community and/or Risk of Flight

This is a very close call, but under these circumstances, I find that the presumption has been rebutted. I will now determine whether independent of the presumption, the Government has established that detention is warranted.

Gallant is charged with traveling in foreign commerce and engaging in illicit sexual conduct with a minor. Gallant has no prior criminal record and the Government has not submitted any evidence that Gallant possessed any illicit pictures or other materials involving minors or that he has contacted or attempted to have a relationship with any other minors. At the time of his arrest, Gallant's passport was confiscated.

On the other hand, there is substantial evidence that Gallant traveled to the Dominican Republic for the purpose of engaging in sexual conduct with this minor and that he had made arrangements to move to the Dominican Republic. Gallant's ex-wife, Lorraine, has offered to allow him to live at her home with her seventeen year old daughter and to act as third party custodian.[2] Mrs. Gallant has little equity in her home and Gallant has limited assets and therefore, there is essentially no security which could be posted to secure Gallant's release.

I find by clear and convincing evidence that Gallant is a danger to the community and by a preponderance of the evidence that he is a risk of flight. At the same time, there are conditions that can be imposed that will ensure the safety of the community (and, in particular, the minor

---

[2]This child is not Gallant's daughter, but he has been a father figure to her.

victim) and that he will appear as required.  However, among the conditions that I would impose are that Gallant not live with his ex-wife and her daughter and that there be an acceptable third party custodian.  To date, Gallant has not proposed an appropriate living arrangement, nor an acceptable third party custodian.  Therefore, I am detaining him at this time.  I will re-open the issue of detention and set a hearing to consider conditions of release for Gallant upon motion of his counsel should an acceptable living arrangement and third party custodian be found.

## Conclusion

I find probable cause exists for the charge against Conrad Gallant in the Complaint.  At present, Gallant shall be detained pending trial.

## Order of Detention Pending Trial

In accordance with the foregoing memorandum,

IT IS ORDERED:

1.  That Conrad Gallant be committed to the custody of the Attorney General, or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2.  That Conrad Gallant be afforded a reasonable opportunity for private consultation with counsel; and

3.  On order of a Court of the United States or on request by an attorney for the Government, the person in charge of the corrections facility in which Conrad Gallant is detained and confined shall deliver him to an authorized Deputy United States Marshal for the purpose of any appearance in connection with any court proceeding.

**RIGHT OF APPEAL**

THE PERSON OR PERSONS DETAILED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OF AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

/s/Timothy S. Hillman
TIMOTHY S. HILLMAN
MAGISTRATE JUDGE